**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 17-4428**

---

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

      v.

COURTNEY LAVELLE MEREDITH,

                  Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge.  (5:16-cr-00224-H-2)

---

Submitted:  February 22, 2018                Decided:  February 26, 2018

---

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.C., Wilmington, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Courtney Lavelle Meredith appeals from the 151-month sentence imposed after he pleaded guilty to conspiracy to distribute and possess with intent to distribute a quantity of crack cocaine. Meredith argues that the district court procedurally erred in failing to rule on his objection to the presentence report's failure to calculate a reduction for a minor role in the offense under U.S. Sentencing Guidelines Manual § 3B1.2 (2016). Finding no error, we affirm the sentence.

We review a sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States,* 552 U.S. 38, 46 (2007). We first review for significant procedural error, and if the sentence is free from such error, we then consider substantive reasonableness. *Id.* at 51. Procedural error includes improperly calculating the Guidelines range, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, and failing to adequately explain the selected sentence. *Id.* This court applies de novo review for questions relating to the legal interpretation of the Sentencing Guidelines. *United States v. Dowell*, 771 F.3d 162, 170 (4th Cir. 2014) (citation omitted).

At sentencing, the district court chose not to resolve Meredith's objection because, even if it found that the USSG § 3B1.2 reduction applied and reduced the offense level accordingly, it would not have changed the final calculation of Meredith's applicable total offense level because that calculation was driven by his undisputed career offender status. The calculation of the offense level, after consideration of adjustments under Parts A, B, and C of Chapter Three in the Guidelines, is superseded by the determination

of qualifying career offender status. *See* USSG § 1B1.1(a) (1)-(8). The court properly determined that, even if the USSG § 3B1.2 adjustment had reduced Meredith's offense level, the total offense level based upon Meredith's career offender status would not have been reduced. Therefore, because resolution of the objection would not have had an effect on the sentence, the court did not err in choosing not to rule on the objection. *See* Fed. R. Crim. P. 32(i)(3)(B).

Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*